OPINION
This is an appeal from the Tuscarawas Court of Common Pleas, awarding permanent custody of Samson Parker (child) (DOB 09-11-1999) to the Tuscarawas County Job and Family Services (Agency). On September 29, 1999, a complaint was filed alleging that the child was abused, neglected and dependentd He was approximately two weeks old at this time. The parents (appellants) consented to a finding that the child was a neglected and dependent child, and to temporary custody with the Agency. The reasons supporting the Agency's requested temporary custody are not before this Court. A case plan was approved by the court. During the pendency of the case plan a review of the possibility of placement with persons biologically related to the natural mother, Dawn Parker, (an appellant) was considered, but such was rejected by the Agency. On June 23, 2000, the Agency filed a motion to modify the prior order of temporary custody to one of a permanent nature with Agency. A hearing was held on such motion to determine the best interests of the child on October 20, 2000, with such motion being granted with a determination by clear and convincing evidence that appellants made no diligent efforts in over six months to comply with the case plan. Additional matters before the court were that the natural mother was somewhat limited intellectually and the natural father had been diagnosed with some psychological problems. (T. at 35) The case plan was designed for reunification of the family, if possible, according to the Agency. At one time the father had restrained certain TOTS program workers at his home and threatened them. (T. at 36) Also, during supervised visitations, he often fell asleep. (T. at 28, 56) Further, he had stated that due to his belief the child was placed with "Amish" foster parents, who were therefore not human, the child was tainted and therefore dead. (T. at 94) The mother concurred in his opinion. He gave excuses to the court for this behavior. Mr. Parker also heard voices. (T. at 226) The parents (appellants) stopped visiting the child more than ninety days preceding the hearing of October 20, 2000. Various reasons were given for the lack of visitation. Both parents failed to complete certain recommended programs. (T. 86-89) Under R.C. 2151.01(C) the absence of visitations in excess of ninety days constitutes abandonment. The natural father submits the following four Assignments of Error:
 I. WHEN A COURT RESTRICTS RELEVANT EVIDENCE IN A HEARING CONCERNING PERMANENT CUSTODY, THE ORDER OF THE COURT GRANTING PERMANENT CUSTODY WILL BE REVERSED.
 II. WHEN THE DEPARTMENT OF JOB AND FAMILY SERVICES FAILS, AS HERE, TO MAKE SPECIAL EFFORTS BASED UPON THE SPECIAL NEEDS OF BOTH PARENTS, INCLUDING FAILURE TO CONTACT AND WORK WITH THE FATHER'S PRINCIPLE [SIC] COUNSELOR AND A SOCIAL WORKER FROM MENTORS FOR FAMILIES UNDER THE AUSPICES OF BIG BROTHERS/BIG SISTERS, THE AGENCY HAS FAILED TO UNDERTAKE REASONABLE EFFORTS TO REUNIFY AND PERMANENT CUSTODY SHOULD NOT BE GRANTED TO THE AGENCY.
 III. A COURT ERRS IN GRANTING PERMANENT CUSTODY OF A CHILD TO A GOVERNMENTAL AGENCY WHEN THE PARENTS HAVE MADE SUBSTANTIAL COMPLIANCE WITH THE CASE PLAN FOR REUNIFICATION.
 IV. THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE IN THIS RECORD WAS INADEQUATE TO ALLOW A GRANT OF PERMANENT CUSTODY.
The natural mother (appellant) raised five Assignments of Error, as follows:
 I. A THOROUGH REVIEW OF THE RECORD IN THIS CASE REVEALS THE EVIDENCE DOES NOT JUSTIFY A GRANTING OF PERMANENT CUSTODY OF SAM PARKER TO THE TUSCARAWAS COUNTY JOBS AND FAMILY SERVICE AGENCY FKA TUSCARAWAS COUNTY DEPARTMENT OF HUMAN SERVICES.
 II. THE GUARDIAN AD LITEM FAILED TO MAKE AN INDEPENDENT INVESTIGATION AND HER REPORT THEREFORE WAS PREJUDICIAL TO APPELLANT.
 III. THE JUDGEMENT OF THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 IV. THE TRIAL COURT ERRED BY CONCLUDING THAT THERE WAS CLEAR AND CONVINCING EVIDENCE THAT IT WAS IN THE BEST INTEREST OF THE MINOR CHILDREN OF THE APPELLANTS TO BE PLACED IN THE CUSTODY OF THE TUSCARAWAS COUNTY DEPARTMENT OF HUMAN SERVICES AND FAILED TO CONSIDER THE FACTORS SET FORTH IN REVISED CODE 2151.414 (B) AND (D).
 V. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR PERMANENT CUSTODY AND ABUSED ITS DISCRETION IN SUSTAINING THE MOTION FOR PERMANENT CUSTODY OF THE TUSCARAWAS COUNTY DEPARTMENT OF HUMAN SERVICES IN THAT THE PROCEDURES OF OHIO REVISED CODE 2151.414 (D) WERE NOT FOLLOWED.
I, II, III and IV Father-Appellant and I, III, IV, V Mother-Appellant
Assignments of Error II, III and IV of the father — appellant and Assignments of Error I, III, IV and V of mother-appellant are closely related and will be discussed simultaneously. Mother appellant's Assignment of Error II, addresses the obligations of the Guardian ad Litem. Father-appellant's Assignment of Error I is claiming an improper rejection of evidence. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978),54 Ohio St.2d 279. In the related Assignments of Error of each appellant, they essentially argue the trial court failed to take into consideration the factors set forth in R.C. 2151.414(D). R.C. 2151.414(D) provides: * * * the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child * * *;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
The trial court could not consider the wishes of the child as provided by in R.C. 2151.414(D)(2) because of the age of the child. As the trier of fact, the trial court is free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses. We find the record contains competent, credible evidence to support the trial court's determination that it was in the child's best interests to grant permanent custody to the Department. Another assertion is that the trial court's finding was against the manifest weight and sufficiency of the evidence. R.C. 2151.414(B) states, in pertinent part: (B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
(b) The child is abandoned.
 (c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
In reaching this determination, the trial court relied upon R.C.2151.414(E)(1) which provides: (E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
We find the trial court's finding that the child could and should not be placed with appellants within a reasonable period of time is supported by the evidence. The court's determination in that neither appellant substantially complied with the case plan is supported by the evidence. The father-appellant's Assignment of Error I is based upon the purported exclusion of relevant testimony. The proffer of such testimony, (T. at 200), indicates the witness would have testified as to his love of the child. The admission or exclusion of relevant evidence is within the sound discretion of the trial court and the court's ruling as to such matters will not be reversed absent an abuse of discretion. Krischbaum v. Dillon (1991) 58 Ohio St.3d 58. In order to find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgement. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217 . We find that no abuse of discretion occurred as this cumulative testimony had been presented by appellants. Therefore father-appellant's first Assignment of Error is rejected. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such manifest miscarriage of justice that the judgement must be reversed. State v. Martin (1983)20 Ohio App.3d 172 . See also, State v. Thompkins (1997) 78 Ohio St.3d 380. Here, ample evidence supported the conclusion that the Agency attempted to work through appellants' special needs and work schedules, but that they did not substantially comply or cooperate with the agency to seek family reunification. This Court therefore disagrees with father-appellant's Assignments of Error II, III, IV and mother-appellant's Assignments of Error I, III, IV and V and denies the same.
 II
Mother-appellant As to mother-appellant's Assignment of Error II, no objection was raised as to the admission into evidence of such report. If an objection were proper, such has been waived. Stores Realty Co. v. City of Cleveland (1975) 41 Ohio St.2d 41, Schade v. Carnegie Body Co. (1982)70 Ohio St.2d 207. In addition, the report of the Guardian ad Litem complies with the requirements relevant to the court's determination. The wishes of the child were, of course, not applicable.
The court disagrees with mother-appellant's second Assignment of Error and denies the same.
The decision of the Court of Common Pleas of Tuscarawas County is affirmed.
 ___________ Boggins, J.
Gwin, P.J., concurs Hoffman, J., concurs.